UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN ROSS, DOMENIC BASILE, CONNECTICUT CITIZENS DEFENSE LEAGUE, INC., and SECOND AMENDMENT FOUNDATION, INC.,<br>　　Plaintiffs,<br>　　v.<br>STAVROS MELLEKAS, *in his official capacity as Colonel of the Connecticut State Police*, JAMES C. ROVELLA, *in his official capacity as Commissioner of the Department of Emergency Services and Public Protection*, and RICHARD J. COLAGENLO, JR., *in his official capacity as Chief State's Attorney for the State of Connecticut*,<br>　　Defendants. | Civil No. 3:20cv319 (JBA)<br><br>August 5, 2020 |

**RULING DENYING MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

On March 10, 2020, Plaintiffs filed this 42 U.S.C. § 1983 action, alleging that Conn. Gen. Stat. § 53-202x(f) violates the Second Amendment to the United States Constitution by imposing a burden on the right to bear arms and seeking declaratory and injunctive relief. (Compl. [Doc. # 1].) Defendants have not yet filed any answer or motion in response to Plaintiffs' complaint.

Non-party Thomas Dutkiewicz moves for leave to file a brief "[i]n support of Plaintiffs" as *amicus curiae*. (Mot. for Leave to File [Doc. # 10] at 2.) Mr. Dutkiewicz represents that he "has a compelling interest" in the case and "can offer insight to the court." (*Id.*) Mr. Dutkiewecz represents that he has a compelling interest in the outcome of this action because, "[l]ike the Plaintiffs, Dutkiewicz'[s] Second and Fourteenth Amendment rights are also infringed upon" by the challenged statute, "depriving him of his constitutional right to keep and bear arms." (*Id.* at 3.) Mr. Dutkiewicz also represents that "knows a lot about 'infringement' of a person's rights," citing a civil employment case in which he "carved out a new 'Protected Right' that didn't exist for all Americans based on his arguments" as a *pro se* litigant. (*Id.* at 2.) Mr. Dutkiewicz argues that he should be permitted leave to file a

brief in support of Plaintiffs "so he can continually protect those rights Defendants chose to infringe upon" and because he can "add a tremendous amount of insight for the court consideration." (*Id.* at 3.)

The brief Mr. Dutkiewicz seeks leave to file identifies "two main problems with the Defendants['] ban on 17 round magazines," including that "the term 'high-capacity' is used by the Defendants to describe 'standard' or common equipment rather than magazines that stretch a weapon's capacity beyond its intended design," and that "discussions of the issue are replete with fundamental misconceptions about firearm magazines and their place under the Second Amendment." (Proposed Br. [Doc. #10-1] at 4.) The Proposed Brief also discusses interpretations of the Second Amendment, (*id.* at 7-10), jurisdictional issues, (*id.* at 10-11), the presumption of innocence, (*id.* at 11-12), equal protection (*id.* at 12-13), the shifting power balance in socialist states, (*id.* at 13-14), federal funding (*id.* at 14), state actors, (*id.* at 14-16), the importance of access to the banned magazines for self defense, (*id.* at 16-20), and the alleged unconstitutionality of the challenged statute, (*id.* at 20-23). In conclusion, Mr. Dutkiewicz asks "that the Plaintiffs request for relief be **GRANTED** in their **PRAYER** that C.G.S. § 53-202x(f) violates all law-abiding citizens their Second and Fourteenth Amendment rights." (*Id.* at 23.)

"There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court." *Onondaga Indian Nation v. State of New York*, 1997 WL 369389, at *2 (S.D.N.Y. June 25, 1997) (internal quotation and alteration omitted). "What is clear, however, is that district courts have broad inherent authority to permit or deny an appearance as amicus curiae in a case." *Id.* (internal quotation and alteration omitted). "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *United States v. El–Gabrowny*, 844 F.Supp. 955, 957 n. 1 (S.D.N.Y. 1994) (internal citation omitted). "Thus, when

those purposes are not served, typically, courts deny motions seeking leave to appear amicus curiae." *Onondaga Indian Nation*, 1997 WL 369389, at *2.

In reviewing the Proposed Brief and considering the current status of this action, the Court concludes that Mr. Dutkiewicz's participation as *amicus curiae* would not offer additional insight or otherwise aid the Court. There are no motions currently pending in this action, and Defendants have not yet responded to the Complaint or submitted any substantive filings. Thus, there is not currently any pending matter upon which Mr. Dutkiewicz might offer insight or additional assistance to the Court. The Court will not permit Mr. Dutkiewicz to appear as *amicus curiae* in the action in its entirety.

For the foregoing reasons, Mr. Dutkiewicz's Motion for Leave to File Amicus Curiae Brief [Doc. # 10] is DENIED without prejudice to renew. Any renewed motion shall clearly indicate the pending motion upon which Mr. Dutkiewicz seeks to advise the Court and shall identify the specific reasons he believes he will be of aid to the Court in resolving that motion.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 5th day of August 2020.