UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN ROSS; DOMENIC BASILE; CONNECTICUT DEFENSE LEAGUE, INC; and SECOND AMENDMENT FOUNDATION, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> STAVROS MELLEKAS in his official capacity as the Colonel of the Connecticut State Police; JAMES C. ROVELLA in his official capacity as the Commissioner of the Department of Emergency Services and Public Protection; and RICHARD J. COLANGELO, JR. in his official capacity as the Chief State's Attorney for the State of Connecticut, <br><br> *Defendants*. | Civil No. 3:20cv319 (JBA) <br><br> April 16, 2021 |

**RULING DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

### I.   Background

Plaintiffs Susan Ross, Domenic Basile, Connecticut Citizens Defense League, Inc., and Second Amendment Foundation, Inc., bring this lawsuit for declaratory and injunctive relief and attorney's fees pursuant to 42 U.S.C. § 1983 against Stavros Mellekas, James Rovella, and Richard Colangelo, in their official capacities, for enforcing a state law Plaintiffs maintain violates the Second Amendment. (Complaint [Doc. # 1].) Defendants move to dismiss the Organizational Plaintiffs, the Connecticut Citizens Defense League and the Second Amendment Foundation, for lack of subject matter jurisdiction due to lack of standing. (Mot. to Dismiss [Doc. # 23].)

In 2013, Connecticut enacted a law prohibiting individuals from possessing firearms ammunition magazines capable of holding more than ten rounds of ammunition. Conn. Gen.

Stat. § 53-202w. Individuals who lawfully owned higher-capacity magazines at the time of the statute's enactment, however, are permitted to continue using them if they declare possession to the Department of Emergency Services and Public Protection. Conn. Gent. Stat. § 53-202x(f). Still, owners of these higher-capacity magazines are prohibited from loading more than ten rounds of ammunition into those magazines unless they are at home or at a shooting range. *Id.*

Plaintiffs are two lawful owners of higher-capacity magazines who wish to carry their handguns with fully-loaded magazines outside their homes (Individual Plaintiffs) and two gun-rights organizations with some members who live in Connecticut and lawfully own magazines capable of holding more than ten rounds of ammunition (Organizational Plaintiffs). (Compl. ¶¶ 21-29.) Plaintiffs seek a declaratory judgment that Conn. Gen. Stat. § 53-202x(f) violates the U.S. Constitution, an injunction barring enforcement of the statute, attorney's fees and costs, and any further relief the Court deems appropriate. (Compl. at 10-11.) Defendants maintain that Organizational Plaintiffs lack standing to bring these claims because they fail to adequately allege a cognizable injury. (Def.'s Mem [Doc. # 23-1] at 4, 8.)

## II.     Legal Standard

Article III confers jurisdiction on federal courts to decide cases and controversies which are "appropriately resolved through the judicial process." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The doctrine of standing ensures that the proper litigant is advancing a particular claim and requires a plaintiff to demonstrate (1) injury in fact (2) causation, and (3) redressability. *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000). An organization can establish standing to sue if it has suffered injury as an entity ("organizational standing") or by bringing suit as an association, so long as one or more of its members would have standing to do so

("associational standing"). *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012). However, the Second Circuit does not recognize associational standing for claims brought under 42 U.S.C. § 1983. *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011); *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 110 (2d Cir. 2017).

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all the facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### III.   Discussion

Defendants argue that Organizational Plaintiffs lack standing because they fail to adequately plead injury in fact, characterizing Organizational Plaintiffs' theory of injury as a "diversion of resources," which they argue is not cognizable. (*See* Def.'s Mem. at 8-11.) Organizational Plaintiffs state that they have adequately pleaded injury in fact because they alleged a perceptible impairment of their organizational activities. (Pls.' Mem. at 3-4.) Nevertheless, Plaintiffs argue that the Court need not decide the issue of organizational standing since Individual Plaintiffs have standing. (Pl.'s Mem. at 2-4.)

In *Village of Arlington Heights*, a non-profit organization that represented low-income tenants and three individuals seeking to be class representatives filed a lawsuit under 42 U.S.C. § 1983 alleging that the defendant municipality engaged in racially discriminatory zoning practices. *Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 373 F. Supp. 208, 209 (N.D. Ill. 1974), *rev'd and remanded* 429 U.S. 252 (1977). The Supreme Court held that the non-profit organization satisfied constitutional standing requirements

because its interest in "making suitable low-cost housing available in areas where such housing is scarce" was injured both economically and otherwise by the discriminatory zoning ordinance. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 262-263 (1977). Although the doctrine of prudential standing typically requires each plaintiff to "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights of third parties," *Warth v. Seldin*, 422 U.S. 490, 499 (1975), *Arlington Heights* declined to address the prudential standing issue regarding the organizational plaintiff but noted that there was "little doubt" that the organizational plaintiff met the constitutional standing requirements and "at least one individual plaintiff has demonstrated standing to assert these rights as his own." 429 U.S. at 263-264.

In *Centro de la Comunidad*, the Second Circuit held that, because it had previously concluded that one of the organizational plaintiffs had standing, it need not consider whether the other organizational plaintiff had standing since "the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (quoting *Rumsfeld v. Forum of Acad. and Inst. Rights, Inc.*, 547 U.S. 47, 52, n.2 (2006)). Notably, the Second Circuit did not engage in either a constitutional or prudential standing analysis with respect to the organizational plaintiff at issue.

The Second Circuit engaged in similar reasoning in *Kwong v. Bloomberg*, another gun rights case brought by, *inter alia*, the Second Amendment Foundation, one of the Organizational Plaintiffs here. *See* 723 F.3d 160, 162, n.4 (2d Cir. 2013). The Court concluded that it did not need to address the defendant's organizational standing arguments because it was "persuaded that the individual plaintiffs ha[d] standing." *Id.* Although the district court stated that it was "questionable whether the injury [the organizational plaintiffs] claim to have suffered – namely, the expenditure of time and resources to challenge the licensing fee – constitutes a sufficient injury for standing

4

purposes," it nevertheless determined that it did not need to resolve the question "because the individual plaintiffs ha[d] standing to sue." *Kwong v. Bloomberg*, 876 F. Supp. 2d, 246, 252-253 (S.D.N.Y. 2012), *aff'd* 723 F.3d 160, 162, n.4 (2d Cir. 2013).

The purpose of this rule is to avoid having the courts expend time and resources resolving a standing issue when resolution of the issue "would have no effect on the significant and immediate issues presented in this litigation." *Priorities USA v. Benson*, 448 F. Supp. 3d 755, 762 (E.D. Mich. 2020); *see also Women's Med. Ctr. of Providence, Inc. v. Roberts*, 512 F. Supp. 316, 319 (D.R.I. 1981) ("The rationale for this approach is that, where one plaintiff has standing, the merits will necessarily be raised and decided in the litigation. Consequently, nothing is gained or lost by the presence of other plaintiffs. Hence, when one party with standing presents a justiciable claim, courts will avoid deciding elusive and difficult questions of standing when doing so makes no difference to the merits of the case. This approach serves the general principle that, where possible, a decision on a constitutional question should be avoided.") (internal quotations and citations omitted). When the claims or arguments of the plaintiffs begin to diverge, or where the plaintiff with standing has been dismissed from the lawsuit, it then becomes appropriate for the district court to resolve the residual questions of standing. *See Phillips v. Snyder*, 836 F.3d 707, 714 (6th Cir. 2016); *Priorities USA*, 448 F. Supp. 3d at 762; *Women's Med. Ctr.*, 512 F. Supp. at 319.

The parties agreed at oral argument that Individual Plaintiffs have standing in their own right. Although it is questionable whether the organizational plaintiffs have standing to sue on their own behalf given their theory of injury, there is no reason to resolve the question of their standing at this juncture since nothing appears to be altered in the merits analysis by their presence. Defendants' argument that allowing the suit to go forward without resolving Organizational Plaintiffs' standing issues "effectively confer[s] organizational standing" in contravention of *Nnebe* is inaccurate. In *Kwong*, the Second

Circuit affirmed that the district court need not have addressed the organizational plaintiffs' standing issues even where the district court expressly recognized the unavailability of associational standing under *Nnebe*. *See Kwong*, 876 F. Supp. 2d at 252, *aff'd* 723 F.3d at 162, n.4.

Defendants have also argued that allowing Organizational Plaintiffs to remain in the case will impact their progress in the litigation, suggesting at oral argument that allowing Organizational Plaintiffs to continue litigating the case would dramatically expand the nature of the Court's inquiry and the corresponding discovery required because individualized discovery, including determining which weapons their members owned, used, and carried, will be necessary to determine which tier of scrutiny the Court applies in evaluating the constitutionality of the statute at issue. Defendants have not offered authority demonstrating how the circumstances of individual members would impact the constitutionality of the statute, where Plaintiffs are not making an "as applied challenge," only a challenge to the constitutionality of the statute on its face. The two-step framework courts employ to evaluate statutes challenged under the Second Amendment does not appear to implicate the individualized circumstances of Plaintiffs. *See N.Y. State Rifle & Pistol Ass'n Inc. v. N.Y.C.*, 883 F.3d 242, 254 (2d Cir. 2018), *vacated and remanded on other grounds* 140 S. Ct. 1525 (2020). Rather, when determining the appropriate level of scrutiny, in the Second Circuit, courts consider "how close the law comes to the core of the Second Amendment right" and "the severity of the law's burden on the right." *Id.* at 258. This framework appears only to implicate the law on its face, rather than Plaintiffs' individual circumstances.

Therefore, the Court finds that, at this time, nothing is gained or lost by the presence of the Organizational Plaintiffs and they may remain. However, if Plaintiffs' arguments appear to diverge or if Individual Plaintiffs are dismissed from the suit, the Court will then consider the issue of Organizational Plaintiffs' standing.

## IV.     Conclusion

Defendants' motion to dismiss the Connecticut Defense League, Inc. and the Second Amendment Foundation, Inc. for lack of subject matter jurisdiction [Doc. # 23] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of April 2021.